FILED

2017 MAR 22 AM 9: 25

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FL FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER MELIM, II,

    Plaintiff,

CASE NO.: 5:17-cv-118-OC-30PRL

-VS-

STATE FARM BANK, F.S.B.,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, WALTER MELIM, II, by and through the undersigned counsel, and sues Defendant, STATE FARM BANK, F.S.B., (hereinafter "STATE FARM") and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

### INTRODUCTION

1. The TCPA was enacted to prevent companies like STATE FARM from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

1

3. "Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan. 3, 2017).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

9. The alleged violations described herein occurred in Marion County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Marion County, Florida

11. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

14. STATE FARM is a corporation with its principal place of business located at One State Farm Plaza E-6, Bloomington, IL 61710 and which conducts business in the State of Florida.

15. STATE FARM is a "creditor" as defined in Florida Statute §559.55(5).

16. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

17. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (352) ***-5078, and was the called party and recipient of STATE FARM's calls.

18. Beginning on or about July 2016, STATE FARM began bombarding Plaintiff's cellular telephone (352) ***-5078 in an attempt to collect the debt on a credit card.

19. On or about July 2016, Plaintiff revoked his consent to be called by STATE FARM by requesting that the calls stop. Specifically stating "this is a private line and you don't have permission to call me on this line". On or about August 2016, Plaintiff revoked his consent a second time stating he was with Freedom Debt Relief and asking STATE FARM to no longer call. Each call STATE FARM made to Plaintiff's cell phone after the said initial revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

20. Despite Plaintiff informing STATE FARM to stop calling the STATE FARM's autodialer calls to Plaintiff's cellular phone continued after July 2016.

4

Between September 7, 2016, to February 27, 2017, Plaintiff made a non-exclusive log of three hundred (300) calls he received from STATE FARM. Due to the volume and time period over which he received automated calls, Plaintiff was not able to properly catalogue each and every call from STATE FARM; however, attached hereto as Exhibit A is a small sampling.

21. Plaintiff estimates over three hundred (300) calls to his cell phone post-revocation.

22. The autodialer calls from STATE FARM came from telephone numbers including but not limited to (407) 412-7765 and (407) 992-8387, and when that number is called, a pre-recorded voice or agent answers and identifies the number as belonging to STATE FARM.

23. STATE FARM knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to six (6) times a day from approximately July 2016 through the filling of this Complaint, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

24. STATE FARM called Plaintiff on Plaintiff's cellular telephone over three hundred (300) times since revocation in July 2016, in an attempt to collect a debt.

25. STATE FARM attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

26. Upon information and belief, some or all of the calls STATE FARM made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and/or because he heard a pause when he answered his phone before a voice came on the line from STATE FARM.

27. STATE FARM has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28. STATE FARM has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or STATE FARM to remove the number.

29. STATE FARM's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to STATE FARM they wish for the calls to stop.

30. STATE FARM has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31. STATE FARM has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

32. STATE FARM has had numerous complaints from consumers across the country against it asking to not be called; however, STATE FARM continues to call the consumers.

33. STATE FARM's corporate policy provided no means for Plaintiff to have his number removed from STATE FARM's call list.

34. STATE FARM has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35. Not a single call placed by STATE FARM to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36. STATE FARM willfully and/or knowingly violated the TCPA with respect to Plaintiff.

37. From each and every call placed without consent by STATE FARM to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

38. From each and every call without express consent placed by STATE FARM to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone

unavailable for legitimate callers or outgoing calls while the phone was ringing from STATE FARM's calls.

39. From each and every call placed without express consent by STATE FARM to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed without express consent by STATE FARM to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41. Each and every call placed without express consent by STATE FARM to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

42. Each and every call placed without express consent by STATE FARM to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

43. Each and every call placed without express consent by STATE FARM to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

44. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Plaintiff has had to seek out treatment for depression and has been prescribed depression medication to cope with the harassing phone calls. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, STATE FARM's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

45. Plaintiff fully incorporates and realleges paragraphs one (1) through forty four (44) as if fully set forth herein.

46. STATE FARM willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified STATE FARM that he wished for the calls to stop.

47. STATE FARM repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Walter Melim, II, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, STATE FARM BANK. F.S.B., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

48. Plaintiff fully incorporates and realleges paragraphs one (1) through forty four (44) as if fully set forth herein

49. At all times relevant to this action STATE FARM is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50. STATE FARM has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

51. STATE FARM has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

52. STATE FARM's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, Walter Melim, II, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, STATE FARM BANK. F.S.B., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff

## **EXHIBIT A - CALL LOG**
## Walter Melim, II v. State Farm Bank, F.S.B.

| Date of Call | Time of Call | Number Calling |
|---|---|---|
| 9/07/16 | 1:12 PM | 407-412-7765 |
| 9/12/16 | 3:09 PM | 407-992-8387 |
| 9/13/16 | 10:12 AM | 407-412-7765 |
| 9/13/16 | 11:35 AM | 407-412-7765 |
| 9/14/16 | 9:38 AM | 407-992-8387 |
| 9/15/16 | 9:54 AM | 407-412-7765 |
| 9/15/16 | 4:52 PM | 407-412-7765 |
| 9/16/16 | 8:42 AM | 407-992-8387 |
| 9/16/16 | 10:05 AM | 407-992-8387 |
| 9/16/16 | 1:10 PM | 407-992-8387 |
| 9/17/16 | 9:17 AM | 407-412-7765 |
| 9/19/16 | 11:25 AM | 407-412-7765 |
| 9/20/16 | 10:22 AM | 407-992-8387 |
| 9/21/16 | 9:45 AM | 407-412-7765 |
| 9/28/16 | 5:23 PM | 407-992-8387 |
| 9/30/16 | 8:50 AM | 407-992-8387 |
| 9/30/16 | 11:26 AM | 407-992-8387 |
| 10/01/16 | 8:56 AM | 407-412-7765 |
| 10/03/16 | 9:38 AM | 407-412-7765 |
| 10/03/16 | 8:42 PM | 407-412-7765 |
| 10/03/16 | 4:33 PM | 407-412-7765 |
| 10/04/16 | 10:19 AM | 407-992-8387 |
| 10/04/16 | 8:38 PM | 407-992-8387 |
| 10/05/16 | 9:45 AM | 407-412-7765 |
| 10/05/16 | 6:39 PM | 407-412-7765 |
| 10/06/16 | 9:48 AM | 407-992-8387 |
| 10/07/16 | 11:20 AM | 407-412-7765 |
| 10/08/16 | 11:12 AM | 407-992-8387 |
| 10/10/16 | 11:19 AM | 407-992-8387 |
| 10/10/16 | 6:03 PM | 407-992-8387 |
| 10/11/16 | 9:58 AM | 407-412-7765 |
| 10/11/16 | 5:22 PM | 407-992-8387 |
| 10/11/16 | 6:29 PM | 407-412-7765 |
| 10/12/16 | 9:33 AM | 407-992-8387 |
| 10/12/16 | 4:07 PM | 407-992-8387 |
| 10/13/16 | 9:42 AM | 407-412-7765 |
| 10/13/16 | 3:13 PM | 407-412-7765 |
| 10/13/16 | 7:01 PM | 407-412-7765 |
| 10/14/16 | 9:01 AM | 407-992-8387 |
| 10/14/16 | 1:21 PM | 407-992-8387 |
| 10/18/16 | 9:55 AM | 407-992-8387 |
| 10/18/16 | 4:30 PM | 407-992-8387 |
| 10/20/16 | 9:37 AM | 407-992-8387 |
| 10/20/16 | 1:18 PM | 407-992-8387 |

| Date | Time | Number |
|---|---|---|
| 10/20/16 | 4:24 PM | 407-992-8387 |
| 10/20/16 | 7:56 PM | 407-992-8387 |
| 10/21/16 | 9:14 AM | 407-412-7765 |
| 10/22/16 | 10:31 AM | 407-992-8387 |
| 10/24/16 | 11:18 AM | 407-992-8387 |
| 10/24/16 | 8:38 AM | 407-992-8387 |
| 10/25/16 | 10:23 AM | 407-412-7765 |
| 10/27/16 | 11:09 AM | 407-412-7765 |
| 10/28/16 | 9:25 AM | 407-412-7765 |
| 10/29/16 | 9:20 AM | 407-412-7765 |
| 10/31/16 | 11:22 AM | 407-412-7765 |
| 10/31/16 | 7:33 PM | 407-412-7765 |
| 11/01/16 | 10:39 AM | 407-992-8387 |
| 11/02/16 | 11:08 AM | 407-412-7765 |
| 11/03/16 | 9:50 AM | 407-992-8387 |
| 11/03/16 | 3:52 PM | 407-992-8387 |
| 11/04/16 | 8:54 AM | 407-412-7765 |
| 11/04/16 | 10:09 AM | 407-412-7765 |
| 11/04/16 | 12:41 PM | 407-412-7765 |
| 11/05/16 | 9:53 AM | 407-992-8387 |
| 11/07/16 | 11:56 AM | 407-992-8387 |
| 11/07/16 | 5:54 PM | 407-992-8387 |
| 11/08/16 | 11:23 AM | 407-412-7765 |
| 11/08/16 | 5:31 PM | 407-412-7765 |
| 11/09/16 | 10:01 AM | 407-992-8387 |
| 11/10/16 | 10:16 AM | 407-412-7765 |
| 11/11/16 | 8:23 AM | 407-992-8387 |
| 11/11/16 | 2:14 PM | 407-992-8387 |
| 11/14/16 | 9:22 AM | 407-412-7765 |
| 11/14/16 | 12:40 PM | 407-412-7765 |
| 11/15/16 | 10:51 AM | 407-992-8387 |
| 11/15/16 | 1:20 PM | 407-992-8387 |
| 11/16/16 | 8:32 AM | 407-412-7765 |
| 11/16/16 | 10:38 AM | 407-412-7765 |
| 11/17/16 | 11:54 AM | 407-992-8387 |
| 11/18/16 | 8:29 AM | 407-412-7765 |
| 11/18/16 | 10:03 AM | 407-412-7765 |
| 11/18/16 | 1:43 PM | 407-412-7765 |
| 11/19/16 | 11:50 AM | 407-992-8387 |
| 11/21/16 | 9:29 AM | 407-992-8387 |
| 11/21/16 | 1:40 PM | 407-992-8387 |
| 11/22/16 | 10:06 AM | 407-412-7765 |
| 11/22/16 | 12:34 PM | 407-412-7765 |

| | | |
|---|---|---|
| 11/22/16 | 5:57 PM | 407-412-7765 |
| 11/23/16 | 8:21 AM | 407-992-8387 |
| 11/25/16 | 8:39 AM | 407-992-8387 |
| 11/25/16 | 9:53 AM | 407-992-8387 |
| 11/28/16 | 1:21 PM | 407-412-7765 |
| 11/28/16 | 6:44 PM | 407-412-7765 |
| 11/29/16 | 12:47 PM | 407-992-8387 |
| 11/30/16 | 8:30 AM | 407-412-7765 |
| 11/30/16 | 12:28 PM | 407-412-7765 |
| 12/01/16 | 8:22 AM | 407-992-8387 |
| 12/01/16 | 12:42 PM | 407-992-8387 |